UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CHAPMAN,

        Plaintiff,

v.                            Case No. 8:10-cv-2880-T-33TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. # 27), entered on February 17, 2012, recommending that the decision of the Commissioner of Social Security denying social security benefits be affirmed. Plaintiff James Chapman filed an Objection to Report and Recommendation of Magistrate (Doc. # 28) on March 2, 2012. The Commissioner filed a Response (Doc. # 30) on March 7, 2012. Upon due consideration, the Court accepts the recommendation of the Magistrate Judge.

**I.**    **Legal Standard**

After conducting a careful and complete review, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). The district judge must review de novo those portions of the findings or recommendations to which objection is made. Id. In the absence of specific objections to factual findings, however, there is no requirement that a district judge review those findings de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions de novo even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II. Discussion

Chapman was fifty years old at the time of his most recent administrative hearing. (Doc. # 27 at 1). He has a master's degree in general psychology and worked as a claims examiner after serving fifteen years in the Navy. (Id.). Chapman applied for disability benefits due to post-traumatic stress disorder (PTSD) and depression. (Id. at 2). Chapman's claim was denied originally and on reconsideration. (Id.).

A truncated hearing was held before an administrative law judge (ALJ), in which Chapman appeared without counsel and current medical records were missing. (Id.). Nonetheless, the ALJ found that Chapman was not disabled, and the Appeals Council let the decision stand. (Id.). Chapman appealed the decision and the Commissioner moved to remand the case. (Id.).

2

The Appeals Council vacated the final decision and remanded the matter to the ALJ. (Id.).

A de novo hearing was conducted before the same ALJ, in which Chapman was represented by counsel. (Id. at 3). The ALJ found that Chapman had severe impairments, but concluded that he could perform a full range of work with certain restrictions. (Id.). The ALJ determined that the restrictions prevented Chapman from returning to his past relevant work but found that Chapman could perform certain jobs that exist in significant numbers in the national economy. (Id.). The ALJ thus held that Chapman was not disabled, and the Appeals Council let the decision stand. (Id.).

In his Objections, Chapman reasserts three of his six positions. First, he argues that the ALJ posed an incomplete hypothetical question to the vocational law expert. (Doc. # 28 at 1). Second, Chapman asserts that the ALJ failed to comply with the Appeals Council's order. (Id. at 4). Third, Chapman argues that the ALJ failed to properly address the disability rating by the Veterans Administration (VA). (Id. at 5).

**A. Incomplete Hypothetical**

Chapman's first objection focuses on the ALJ's handling of the opinions of Dr. Hodan and Dr. Eastridge. Specifically, Chapman argues that because the ALJ utilized significant parts

3

of Dr. Hodan's opinion in formulating the residual functional capacity determination and hypothetical question, the ALJ should have included all of Dr. Hodan's functional limitations in the hypothetical. (Id. at 3). Chapman further contends that "the ALJ did the same thing with regard to the opinion from Dr. Eastridge." (Id.).

It is true that "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the ALJ is not required to include restrictions he finds to be unsupported. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Judge Wilson notes that the ALJ discounted some of Dr. Hodan's opinion as well as Dr. Easteridge's, and properly excluded those limitations from the hypothetical question. (Doc. # 27 at 21). Furthermore, Judge Wilson found the hypothetical question to be sufficient because it matched the residual functional capacity determination. (Id.). This Court agrees with Judge Wilson's findings.

**B.   Failure to Comply with Appeals Council's Order**

After the initial hearing, Chapman argued that the ALJ improperly inserted his personal beliefs in making his determination. Chapman contends that the ALJ did the same

4

thing in the second hearing, "chastising Mr. Chapman because he had not been in combat and consequently could not develop the type of problem which he was alleging." (Doc. # 28 at 4). Chapman argues that the Appeals Council "ordered that this not be done but it was done again and it taints the entire second decision." (Id. at 5). Further, Chapman asserts that the Appeals council "accepted" the opinions of Dr. Hodan and Dr. Navarro; therefore, those opinions should have been given to the vocational expert.

In its order remanding Chapman's case to the ALJ, the Appeals Council issued the following directive:

> [T]he Administrative Law Judge will provide the claimant the opportunity for a new administrative hearing to fully present his case; fully develop and evaluate the administrative record evidence, and state the weight given to opinions from acceptable medical sources regarding the claimant's limitations; re-evaluate the severity of the claimant's alleged impairments, including without limitation, his alleged Post-Traumatic Stress Disorder, in accordance with the evidence contained in the record and the applicable regulations and rulings of the commissioner; and issue a new administrative decision based upon the evidence of record and the applicable regulations and rulings of the commissioner.

(R. at 362). The Appeals Council noted that the ALJ appeared to base his decision "largely on non-medical opinions and purported facts as set forth by the Administrative Law Judge concerning the making and contents of military records" and

5

further acknowledged the opinions of Dr. Hodan and Mr. Navarro. (Id. at 361).

The Court agrees that the ALJ "shall take any action that is ordered by the Appeals Council." Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1375 (N.D. Ga. 2006) (quoting 20 C.F.R. § 404.977(b) (emphasis in original)). As Judge Wilson points out, however, Chapman's second hearing was full and complete, and the ALJ found Chapman's PTSD to be a severe impairment. The ALJ thoroughly discussed and evaluated the medical evidence in the second decision. Furthermore, the Appeals Council itself found that the ALJ complied with the Appeals Council's order. (R. at 292).

While certain statements made by the ALJ in the first hearing are troubling, the Court agrees with Judge Wilson that there was no violation of the Appeals Council's directive on remand. Furthermore, the Court finds no support for Chapman's contention that the opinions of Dr. Hodan and Mr. Navarro should have been given to the vocational expert simply because the Appeals Council mentions them.

### C. Failure to Properly Address VA Disability Rating

Chapman asserts that while VA opinions are not binding upon the ALJ, they must be given great weight, and the ALJ made no statement as to the weight given to the VA opinions.

(Doc. # 28 at 5-6). As Judge Wilson points out, however, the ALJ considered the VA's 100% disability rating, and noted that the Social Security Act applies different standards. (Doc. # 27 at 9). The ALJ further determined that the VA award was based upon Chapman's inability to return to past work, not his ability to perform other work in the national economy. (Id.). In upholding a similar decision, the Eleventh Circuit found that "the administrative law judge considered the [VA] rating in his decision and correctly explained that a claimant had to satisfy a more stringent standard to be found disabled under the Social Security Act." Pearson v. Astrue, 271 Fed. App'x 979, 981 (11th Cir. 2008).

Chapman argues that Judge Wilson incorrectly stated the VA's position regarding Chapman's disability. Chapman contends that the VA deemed him "unemployable," but the "precise, clear language" he points to at page 226 in the record does not use that term. The record reflects that the VA found Chapman to be "permanently and totally disabled" without making any statement as to his employability. (R. at 226).

Chapman further faults Judge Wilson and the ALJ for failing to address Falcon v. Heckler, 732 F.2d 827, 831 (11th Cir. 1984). He contends that Falcon establishes the weight to be given to VA opinions and outlines the requirements the ALJ

7

must follow in addressing a VA opinion. (Doc. # 28 at 5-6). However, <u>Falcon</u> referred to a decision by the Florida Division of Worker's Compensation, not the VA. 732 F.3d at 831. The Eleventh Circuit found that while the worker's compensation statute differs from social security law, the Florida Supreme Court has construed the two laws in a similar fashion. <u>Id.</u> As noted above, the Eleventh Circuit has found that VA decisions involve a different standard than social security law. <u>Pearson</u>, 271 Fed. App'x at 981.

The Court finds <u>Falcon</u> to be inapposite, and Chapman's arguments unpersuasive. The Court therefore accepts and adopts Judge Wilson's finding that the ALJ properly addressed the VA's disability rating.

### III. Conclusion

After careful consideration and independent analysis, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and adopts the recommendation of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. # 27), entered on February 17, 2012, is **ACCEPTED** and **ADOPTED.**

8

(2) The decision of the Commissioner of Social Security denying benefits is **AFFIRMED.**

(3) The Clerk is directed to enter judgment in favor of the Commissioner reflecting that the Commissioner's decision denying benefits is affirmed. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to: All Counsel of Record

9